**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50498 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00055-DOC-1 |
| v. | |
| ANTONIO MEDINA PUERTA, AKA Tony Anderson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted April 6, 2015
Pasadena, California

Before: D.W. NELSON, TASHIMA, and CLIFTON, Circuit Judges.

Antonio Medina Puerta ("Medina Puerta") appeals from his conviction for

bank fraud under 18 U.S.C. § 1344(2). We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1291, and we reverse the district court's denial of Medina Puerta's Rule 29 motion, vacate his conviction, and remand for entry of a judgment of acquittal.

Medina Puerta was charged with and convicted of three counts of bank fraud under 18 U.S.C. § 1344(2): two based on wire transfers to a foreign bank and one based on the deposit of a check to a domestic account. As the government concedes, the act of depositing a check is not a false statement itself and cannot support a conviction under § 1344(2) on its own. *United States v. King*, 200 F.3d 1207, 1218 (9th Cir. 1999) (citing *Williams v. United States*, 458 U.S. 279, 284–85 (1982)). Thus, there must be some other "deceptive conduct" to serve as the basis for liability under § 1344(2). *Id.*

Importantly, after Puerta filed his appeal in this case, the Supreme Court provided additional guidance for interpreting the requirements of 18 U.S.C. § 1344(2) in *Loughrin v. United States*, 134 S. Ct. 2384 (2014). In particular, the Court explained there must be a "relational" connection between the alleged false statements or representations and the obtaining of bank property:

> [I]t is not enough that a fraudster scheme to obtain money from a bank and that he make a false statement. . . . The criminal must acquire (or attempt to acquire) bank property "by means of" the misrepresentation. That phrase typically indicates that the given result (the "end") is achieved, at least in part, *through* the specified action, instrument, or method (the "means"), such that the connection between the two is something more than oblique, indirect, and incidental.

2

*Id.* at 2393. The alleged misrepresentations are Medina Puerta's use of two names—"Tony Anderson," the name taken by Medina Puerta upon naturalization, and "Antonio Medina," Medina Puerta's birth name—and his submission of a Domestic Money Transfer Recall form indicating an alleged false reason for recalling a previous wire transfer. Even assuming these actions were misrepresentations, the government failed to introduce sufficient evidence to satisfy *Loughrin*'s "means" test. Neither alleged misrepresentation was shown to be "the mechanism naturally inducing [the] bank . . . to part with its money" in the charged conduct of a check deposit and two wire transfers. *See id.* at 2394. Thus, in viewing the evidence in the light most favorable to the government, we conclude that no rational trier of fact could find this essential element of the crime of bank fraud under 18 U.S.C. § 1344(2). *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Because insufficient evidence supports Medina Puerta's conviction under 18 U.S.C. § 1344(2), the district court erred in denying his motion for judgment of

3

acquittal under Criminal Rule of Procedure 29.[1]  Accordingly, Medina Puerta's

conviction is vacated, and the case is remanded to the district court for entry of a

judgment of acquittal.

**REVERSED, VACATED, and REMANDED.**

---

[1]As we conclude Medina Puerta's conviction was not supported by sufficient evidence, we need not reach his other arguments as to why his conviction should be reversed.  Additionally, we cannot grant the government's request for a new trial as that would improperly subject Medina Puerta to double jeopardy.  *See United States v. Preston*, 751 F.3d 1008, 1028 (9th Cir. 2014) (en banc) (citing *Burks v. United States*, 437 U.S. 1, 11 (1978)).